# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONALD M. SHAVE,
                 Appellant,

        v.

DEPARTMENT OF DEFENSE,
                 Agency.

DOCKET NUMBER
SF-531D-18-0469-I-1

DATE: May 9, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donald M. Shave</u>, Firecrest, Washington, pro se.

<u>John D. Norquist</u>, Esquire, and <u>Temple L. Wilson</u>, Esquire, Fort Belvoir, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's reconsideration decision denying the appellant a

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

within-grade increase (WIGI).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. We therefore DENY the petition for review.  Except as MODIFIED by this Final Order, we AFFIRM the initial decision.  Because we agree with the administrative judge's finding that the appellant did not make a protected disclosure, we MODIFY the initial decision to VACATE the administrative judge's alternative finding that the agency proved by clear and convincing evidence that it would have denied the appellant's WIGI in the absence of his disclosure.  We also find that the appellant forfeited his claim regarding the Appointments Clause of the U.S. Constitution.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      This is the second Board appeal addressing the agency's decision to deny the appellant a WIGI in 2017.  After holding a hearing in the first appeal, the administrative judge issued an initial decision reversing the agency's July 3, 2017 denial of a WIGI for the period ending May 28, 2017.  *Shave v. Department of Defense*, MSPB Docket No. SF-531D-17-0577-I-1 (*Shave I*), Initial Decision (Mar. 11, 2018).  The administrative judge in that appeal found that the agency had committed harmful procedural error in denying the appellant's request for

reconsideration of the WIGI denial because the reviewing official merely deferred to the appellant's supervisor regarding the appellant's performance rating. *Id.* at 16. The administrative judge identified a number of issues with the performance rating that the reviewing official failed to address, and she remanded the matter to the agency to conduct a proper reconsideration. *Id.* at 16-19. The administrative judge in the first appeal considered the appellant's claims of age discrimination and whistleblower reprisal regarding the WIGI denial, but she found that the appellant failed to prove either of those defenses. *Id.* at 20-26.

¶3 After remand, the reviewing official issued a new reconsideration decision still affirming the WIGI denial. *Shave v. Department of Defense*, MSPB Docket No. SF-531D-18-0469-I-1, Initial Appeal File (IAF), Tab 1 at 14-16. The appellant did not believe that the agency's new reconsideration decision was consistent with the administrative judge's initial decision, and he filed a motion with the Board to compel the agency to comply with the administrative judge's remand instructions. *Id.* at 4, 9-12. The Board's regional office docketed the appellant's motion as a new appeal challenging the WIGI denial. IAF, Tab 2. The administrative judge incorporated the file from *Shave I* by reference into the file in the second appeal. IAF, Tab 10 at 1.

¶4 After holding the appellant's requested hearing, the administrative judge issued an initial decision affirming the denial of the appellant's WIGI. IAF, Tab 17, Initial Decision (ID). She found that the Office of Personnel Management (OPM) had approved the agency's performance appraisal system and that the agency had communicated to the appellant the critical elements and performance standards of his position. ID at 12-14. She further found that the appellant's performance standards were valid. ID at 14-17. The administrative judge then found that the agency had supported its decision to deny the appellant a WIGI by substantial evidence. ID at 14-21. She specifically found that the reviewing official had adequately addressed the concerns she raised in her initial decision in *Shave I*. ID at 20. The administrative judge found that the appellant

failed to prove his affirmative defenses of harmful procedural error and whistleblower reprisal. ID at 21-29.

¶5      The appellant has filed a timely petition for review of the initial decision. *Shave v. Department of Defense*, MSPB Docket No. SF-531D-18-0469-I-1, Petition for Review (PFR) File, Tab 1. He argues that his ability to present his whistleblower reprisal claim was harmed by the administrative judge's rejection of an Inspector General's report and one of his requested witnesses. *Id.* at 3. He also argues that under the U.S. Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 585 U.S. ___, 138 S. Ct. 2044 (2018), the administrative judge who decided his appeal was not properly appointed, and he is therefore entitled to a new adjudication before a properly appointed official. *Id.* at 4. The appellant also challenges the administrative judge's findings relating to his whistleblower reprisal claim. *Id.* He has submitted several documents with his petition for review, including discovery from both this appeal and his first WIGI appeal as well as a June 2018 grievance he filed regarding his performance appraisal for the period ending March 31, 2018. *Id.* at 7-84. The agency has responded in opposition to the petition for review. PFR File, Tab 4.

<u>The appellant's arguments on review do not provide a basis for reversing the initial decision.</u>

¶6      An employee under the General Schedule earns periodic increases in pay, or WIGIs, as long as his performance is at an acceptable level of competence. 5 U.S.C. § 5335(a). When an agency determines that an employee is not performing at an acceptable level of competence (ALOC) and that a WIGI should be withheld, the employee is entitled to "prompt written notice of that determination" and an opportunity for reconsideration under regulations prescribed by OPM. 5 U.S.C. § 5335(c). The employee may appeal to the Board if the agency affirms its decision to withhold a WIGI on reconsideration. *Id.* In a Board appeal under 5 U.S.C. § 5335, the agency bears the burden of proof, and its WIGI denial must be sustained only if it is supported by substantial evidence.

5 C.F.R. § 1201.56(b)(1)(i).  Substantial evidence is defined as "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree."  5 C.F.R. § 1201.4(p).  It is a lower standard of proof than preponderant evidence.  *Id.*  On petition for review, the appellant does not specifically challenge the administrative judge's findings regarding the agency's ALOC determination.  We have reviewed those findings, and we agree with the administrative judge that the agency met its substantial evidence burden to support its determination.

¶7    The appellant's primary argument on the merits of the initial decision concerns the administrative judge's rejection of documentary evidence and one of his requested witnesses, both of which related to his whistleblower reprisal claim. PFR File, Tab 1 at 3.  However, it appears that the appellant is challenging evidentiary rulings from his prior appeal.  IAF, Tab 11 at 11-13 (the appellant's proposed witness list in the present appeal that does not include KM, the subject of his argument on petition for review).  The administrative judge's rulings in that separate appeal are not before us here.  The appellant could have filed a petition for review to challenge the administrative judge's disposition of his whistleblower reprisal claim in his first appeal, including her rulings on evidence and witnesses.  Alternatively, the appellant was free to propose the same witness and seek to introduce the same documents in this appeal.  If the appellant had done so and the administrative judge had ruled the same way again, those matters would have been properly before us here.  As it stands, however, we find that the appellant failed to preserve those issues for our review in this case.  *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (the appellant's failure to timely object to rulings on witnesses precludes his doing so on petition for review).

¶8    On the merits of the appellant's whistleblower reprisal claim, the administrative judge found, as she had in *Shave I*, that the appellant's disclosure

was not protected because it was merely a policy disagreement about whether the agency should cancel an audit. ID at 26-29. The appellant does not challenge that finding on petition for review, and we see no reason to disturb it. We therefore agree with the administrative judge that the appellant failed to prove his whistleblower reprisal claim.[3]

¶9 Because we have found that the appellant failed to prove that his disclosure was protected, it is unnecessary to decide whether the agency proved by clear and convincing evidence that it would have denied his WIGI in the absence of the disclosure. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's finding that the agency met its clear and convincing burden.

The Board will not consider the appellant's untimely Appointments Clause claim.

¶10 The appellant argues for the first time on petition for review that the administrative judge was not properly appointed under the Appointments Clause and that he is therefore entitled to a new adjudication of his appeal before a properly appointed official. PFR File, Tab 1 at 4. In *Lucia*, the Court held that administrative law judges (ALJs) of the Securities and Exchange Commission (SEC) qualify as Officers of the United States subject to the Appointments Clause, rather than mere employees. 138 S. Ct. at 2049. Because SEC ALJs were appointed by SEC staff members rather than the Commission itself, the Court

---

[3] Although the appellant's failure to establish that he made a protected disclosure is fatal to his whistleblower reprisal claim, the administrative judge also found that he failed to prove his disclosure was a contributing factor in the WIGI denial decision. ID at 29. On petition for review, the appellant argues that the administrative judge erred in crediting the deciding official's testimony that he was unaware of the appellant's disclosure. PFR File, Tab 1 at 4. He submits a June 2018 grievance as evidence that the deciding official knew of his disclosures. *Id.* at 4, 57-58. However, the deciding official's second reconsideration decision denying the appellant's WIGI for 2017 was made in April 2018. IAF, Tab 14. Therefore, the appellant's June 2018 grievance does not establish that his disclosure, even if protected, was a contributing factor in the WIGI denial that was finalized more than 2 months earlier.

held that the appointment of those ALJs violated the Appointments Clause. *Id.* at 2050, 2053-55. The Court held that because Lucia had made a timely challenge to the constitutional validity of the appointment of the ALJ who adjudicated his case, he was entitled to relief in the form of a new hearing before a different, properly appointed official. *Id.* at 2055.

¶11 The Court in *Lucia* did not specifically define what constitutes a timely challenge to an appointment. In *McClenning v. Department of the Army*, 2022 MSPB 3, ¶¶ 5-15, we held that an Appointments Clause challenge regarding a Board administrative judge must be raised to the administrative judge before the close of the record in order to be timely. In *McClenning*, the appellant raised her Appointments Clause claim in a timely petition for review a few weeks after the Supreme Court issued its decision in *Lucia*. *Id.*, ¶ 4. Here, the appellant first raised his Appointments Clause claim in a timely petition for review a few months after the Court decided *Lucia*. PFR File, Tab 1. In doing so, he asserted that he was previously unaware of the *Lucia* decision. *Id.* at 4. We held in *McClenning* that the discovery of a new legal argument is not itself sufficient to justify the appellant's failure to raise the Appointments Clause argument before the administrative judge. *McClenning*, 2022 MSPB 3, ¶¶ 11-12. Thus, even if we accept as true the appellant's assertion that he raised his Appointments Clause claim soon after learning of the *Lucia* decision, we find that the claim was untimely because he failed to raise it before the administrative judge.

¶12 As we recognized in *McClenning*, the Board's regulations reserve to it the authority to consider any issue in an appeal before it. *Id.*, ¶ 15; 5 C.F.R. § 1201.115(e). Here, as in *McClenning*, we find no basis to exercise that discretion on the facts of this case. We note that the appellant could have raised his Appointments Clause claim in his first WIGI appeal, and he would have had reason to believe that claim might succeed. By the time the record closed in that appeal, one court of appeals had already held that SEC ALJs are inferior officers subject to the Appointments Clause, *Bandimere v. Securities and Exchange*

*Commission*, [844 F.3d 1168](#) (10th Cir. 2016), and the Supreme Court had granted certiorari to address the issue in a separate matter, *Lucia v. Securities and Exchange Commission*, [138 S. Ct. 736](#) (Jan. 12, 2018). By the time the record closed in this second appeal, the Supreme Court had issued its decision on the merits in *Lucia*. Accordingly, we will not consider the appellant's Appointments Clause challenge raised for the first time on petition for review.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. [5 C.F.R. § 1201.113](#). You may obtain review of this final decision. [5 U.S.C. § 7703](#)(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. [5 U.S.C. § 7703](#)(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.